```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Ann Ellen Dunlap,                 :

        Plaintiff,                :

     v.                           :       Case No. 2:15-cv-2675

                                  :       JUDGE GEORGE C. SMITH
Jacob Lew, et al.,                        Magistrate Judge Kemp

        Defendants.               :
```

## ORDER

    Plaintiff Ann Ellen Dunlap filed a request that the Court order that service on the defendants be made by the United States Marshal.  Her filing states, in its entirety:

> I, Ann Ellen Dunlap, the Plaintiff in the above noted action sent summons waiver forms along with a copy of the Complaint and a self-addressed, stamped envelope to each Defendant on Aug. 5, 2015 via priority mail.  It has now been 30 days and none of the Defendants have responded.  I am requesting this Article III, Constitutional court to "order that service be made by a U.S. marshal or deputy marshal or by a person specially appointed by the court" to all Defendants pursuant to Rule 4(c)93) of the Federal Rules of Civil Procedure.  Please send confirmation that this was completed to me at the above given address.

She has enclosed a copy of the USPS tracking numbers for the mailings.

    Ms. Dunlap has paid the full filing fee and is not proceeding <u>in forma pauperis</u>.  As she correctly notes, Fed.R.Civ.P. 4(c)(3) authorizes federal courts to order that service be made by a United States marshal or other person appointed by the Court upon request by a plaintiff.  In cases where a plaintiff has been granted leave to proceed <u>in forma</u>

pauperis pursuant to 28 U.S.C. §1915, that Rule requires courts to order such service.  However, for fee-paying plaintiffs, it is within the Court's discretion to order service of process by a United States marshal or deputy marshal or by a person specially appointed by the court.  See Advisory Committee Notes (1993 Amendments).

    Ms. Dunlap has not provided any information beyond her statement that the defendants have not returned the service waivers.  She does not explain any additional efforts she has undertaken, pursuant to Rule 4(e), to complete service on the individual defendants.  In short, she sets forth no specific reason for requesting such service.  Further, Ms. Dunlap appears to be unaware that, even if the Court were to grant her request, she is not entitled to use this method of service at no cost.  See Alamiin v. Jones, Slip Copy, 2013 WL 5972472 (W.D. Okla. Nov. 8, 2013), citing 28 U.S.C. §1921(a)(1)(A); 28 C.F.R. §0.114.

    Faced with a similar situation, the court in Victor v. Huber, 2012 WL 1677360 (M.D. Pa. March 30, 2012), adopted and affirmed 2012 WL 1677342 (M.D. Pa. May 14, 2012), explained:

> We recognize that Rule 4(c)(3) of the Federal Rules of Civil Procedure authorizes federal courts to order that service by made by a United States marshal or other person appointed by the Court upon request by a plaintiff. Fed.R.Civ.P. 4(c)(3).  However, at this time we do not find that the plaintiff has sufficiently supported his request to have the Court direct service to be made in this case.  Instead, Victor has done nothing more than request that the Court effect service on the remaining defendants, without explaining why the Court's assistance is being requested, or why such assistance [is] warranted.  Thus, although we are permitted to grant this relief, we will require the plaintiff to do more before we embrace this bare request, particularly because, given the volume of inmate litigation pending in this district, the Court is frequently called upon to direct the United States Marshal to effect service, and we wish to limit the burden to which we place that office in these matters

unless required or clearly warranted.

Id. at *3.

The Court finds this explanation equally applicable here. Consequently, because Ms. Dunlap has not set forth any good cause in support of her request, the Court declines to order the requested service.

For these reasons, the request to order service under Fed.R.Civ.P. 4(c)(3) (Doc. 3) is denied.

## MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge