# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ANN ELLEN DUNLAP,

              **Plaintiff,**

                                  **Case No.: 2:15-CV-2675**

-v-                                **JUDGE SMITH**

                                **Magistrate Judge Kemp**

JACOB LEW, *et al.*,

              **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 11).  Plaintiff, proceeding *pro se*, has responded in opposition and Defendants have replied.  This matter is ripe for review.  For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**.

### I.  BACKGROUND

Plaintiff Ann Dunlap initiated this case against Defendants the United States, Jacob Lew, Layne Carver, Alicia Hagen, Patricia Weese, and "John Doe: ID 100000099691" on July 31, 2015, and subsequently filed an Amended Complaint on September 25, 2015.  (Doc. Nos. 2 and 5).  In her Amended Complaint, Plaintiff alleges a variety of constitutional violations, seeks a refund of taxes collected through levies, demands that the IRS Case:  be enjoined from further collection, and seeks punitive damages "for the harm caused by the Defendants."  (Doc. 5, Am. Compl. ¶ 20).  Plaintiff contends that the federal system of taxation is a voluntary one, she chose not to volunteer when she did not to file a Form 1040, U.S. Individual Income Tax Return, and the IRS acted without authority and violated Plaintiff's constitutional rights when it created

substitutes for returns and assessed and collected taxes for tax years in which Plaintiff did not file a return.  Based on those alleged constitutional violations, Plaintiff seeks a refund of garnished funds and punitive damages.  Plaintiff further requests that the substitutes for returns be removed from her record and that her employers "be notified that NO further action is forth-coming [sic] and the need for withholding is over."  (Doc. 5, Am. Compl. ¶ 20).  The Amended Complaint does not allege that Plaintiff filed a timely and proper administrative claim for refund or damages.

Defendants move to dismiss Plaintiff's Amended Complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the grounds that the Court lacks jurisdiction over the Amended Complaint because Plaintiff's claims are barred by the sovereign immunity of the United States, Plaintiff's complaint fails to state a claim upon which relief can be granted, and Plaintiff's requested relief is barred by the Anti-Injunction and Declaratory Judgment Acts. In addition, the individually named defendants must be dismissed because the United States is the only proper defendant.

## II.    STANDARDS OF REVIEW

### A.    Rule 12(b)(1)

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ."  *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (Rubin, J.) (citing *Moir v. Greater Cleveland Reg' Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).  *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (Rice, C.J.) (citing *McNutt v. Gen. Motors Acceptance*

*Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction").

Motions under Rule 12(b)(1) generally come in two varieties, either facial or factual attacks on the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also Nat'l Ass'n of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002) (Rice, C.J.). As a result, this Court may weigh the evidence and resolve any factual disputes when adjudicating such a jurisdictional challenge. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Moir*, 895 F.2d at 269).

**B.      Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an

insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

-4-

## III.    DISCUSSION

Defendants have moved to dismiss Plaintiff's claims against them asserting that they are barred by sovereign immunity, that the Amended Complaint fails to state a claim upon which relief can be granted and that Plaintiff's requested relief is barred by the Anti-Injunction and Declaratory Judgment Act.  Further, the individual defendants asserts that they must be dismissed because the United States is the only proper party.  The Court will address these arguments in turn.

### A.    Sovereign Immunity/Jurisdiction

Defendant, the United States, asserts that it is immune from suit on the basis of sovereign immunity.  The United States is immune from suit under the doctrine of sovereign immunity with the exception of cases where the United States has expressed waived sovereign immunity.  "A waiver of sovereign immunity cannot be implied but must unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Waivers of sovereign immunity are "strictly construed" in favor of the government.  *See United States v. Idaho*, 508 U.S. 1, 6–7 (1993); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *United States v. King*, 395 U.S. 1, 4 (1969).  Without a waiver of sovereign immunity, an action against the United States must be dismissed.

Plaintiff fails to site any basis for waiver of sovereign immunity in her Amended Complaint, but does reference the Federal Torts Claims Act ("FTCA") in her response to Defendants' Motion to Dismiss (Doc. 12).  Although the FTCA, 28 U.S.C. § 2671, *et seq.*, waives to some extent the government's immunity, § 2680(c) of that Act provides an exception for a claim for relief arising from the assessment and collection of taxes and precludes suit therefore.  Specifically, the FTCA contains an exception to waiver of sovereign immunity for "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c).  Therefore, Plaintiff's claims against

-5-

Defendants involving the IRS assessments and collection through levies and garnishments are barred from proceeding in this Court.

Further,  a taxpayer who seeks a refund of taxes paid to the federal government, "must first file an administrative claim for refund with the Secretary of Treasury prior to bringing an action against the United States for a tax refund." *McDonnell v. United States*, 180 F.3d 721, 722 (6th Cir. 1999); *see also Berera v. Mesa Med. Group, PLLC*, 779 F.3d 352, 359 (6th Cir. 2015) ("The exhaustion-of-remedies requirement in § 7422(a) is mandatory.").  Plaintiff has not alleged that she filed an administrative claim with the IRS and "[p]rior presentation of an administrative claim is a jurisdictional prerequisite to a tort action against the United States." *N. Shore Strapping Co. v. United States*, No. 92-3730, 1993 U.S. App. LEXIS 10539, at *11–12 (6th Cir. 1993); *see also Ex. Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514 (6th Cir. 1974) ("As the Government points out, the administrative claim procedure prescribed in [28 U.S.C.] § 2675 is jurisdictional."). Accordingly, because the United States has not waived sovereign immunity with respect to Plaintiff's claims against it and because Plaintiff has failed to file any type of refund claim (formal or informal)[1] with the IRS, Plaintiff's claims against the United States must be dismissed.

## B.    Injunctive Relief

Title 26, Section 7421 (the Anti-injunction and Declaratory Judgment Act) of the Internal Revenue Code, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421.  Rather, the Internal Revenue code

---

[1] None of Plaintiff's correspondence to the IRS (attached to her Amended Complaint) requests a refund, identifies any tax year for which payment was made, discusses payment or collection of any tax, or in any way notifies the IRS of an intent to seek a refund.

provides individuals who wish to challenge tax assessments with the option to: (1) file in Tax Court under 26 U.S.C. § 6213, before the deficiency is paid; or (2) pay the deficiency, file a claim for a refund, and then proceed in federal district court under 26 U.S.C. § 7422.  The effect of the Anti-Injunction Act is "to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes . . . , permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5–6 (1962).  Therefore, to the extent Plaintiff seeks injunctive relief regarding the future withholding of taxes from her wage, such request is an attempt to restrain the collection of taxes and is barred by the Anti-Injunction Act. *See Beerbower v. United States*, No. 85-1034, 1986 U.S. App. LEXIS 19515, at *8 (6th Cir. 1986).

## C.  The Individual Defendants

Defendants argue, and the Court agrees that the individually named defendants must be dismissed because they are not the proper defendants in this action; the United States is the only proper defendant.  The allegations contained in Plaintiff's Amended Complaint concern the individual defendants' conduct in their official capacity only; therefore, the requested relief is against the United States. *See Hawaii v. Gordon*, 373 U.S. 56, 58 (1963) (relief sought nominally against an officer is actually against the sovereign if the decree would operate against the sovereign). The Sixth Circuit has explicitly held that a claim for damages under 26 U.S.C. § 7433 is an exclusive remedy and bars claims against individual revenue agents. *Fishburn v. Brown*, 125 F.3d 979, 982–83 (6th Cir. 1997).  Similarly, Congress provided in 26 U.S.C. § 7422(f)(1) that a refund suit "may be maintained only against the United States and not against any officer or employee of the

United States . . . ."  Therefore, the only proper party in this action is the United States, and the individual defendants must be dismissed.

## IV.    CONCLUSION

As set forth above, Plaintiff's claims against the individual defendants are not proper, the only proper party is the United States.  And, Plaintiff's claims against the United States are barred based on sovereign immunity and for failure to exhaust her administrative remedies.  Accordingly, Plaintiff's Amended Complaint is hereby **DISMISSED**.

Plaintiff has also filed a Motion for Preliminary Injunction to which Defendants have responded in opposition.  Having already found that Plaintiff's Amended Complaint should be dismissed, Plaintiff's Motion for Preliminary Injunction is hereby **DENIED AS MOOT**.

The Clerk shall **REMOVE** Documents 11 and 17 from the Court's pending motions list. The Clerk shall **DISMISS** this case.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**